IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE D. MOORE, | |
| Petitioner, | 8:20CV423 |
| vs. | |
| SCOTT R. FRAKES, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the court on Petitioner's Motion for Reconsideration for Appointment of Counsel. (Filing 12.) Petitioner previously requested that counsel be appointed to him in a motion filed January 27, 2021, which the court denied without prejudice to reassertion. (Filings 5 & 8.) Petitioner again asks the court to appoint him counsel because the inmate who had been assisting Petitioner with his habeas case can no longer assist him due to threatened sanctions for violating the institution's rules and regulations concerning the unauthorized practice of law. Petitioner states he is unable to "intelligently . . . investigate and articulate any parts of his 2254 Habeas Corpus litigation" due to his lack of legal knowledge and does not know "what to file or when to file responses from the Court orders or even Respondent's motion's [sic]." (Filing 12.)

As the court previously explained, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of

the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

Here, Respondent filed a motion for summary judgment (filing 9) on March 4, 2021, asserting that Petitioner's habeas petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). In accordance with the court's progression order (filing 4) entered January 25, 2021, Petitioner has 30 days following the filing of the motion for summary judgment, or until April 5, 2021, to file and serve a brief in opposition to Respondent's motion for summary judgment. Given this procedural posture and the court's careful review of the record, the court again concludes there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Reconsideration for Appointment of Counsel (filing 12) is denied without prejudice to reassertion.

2. Petitioner is advised that he has until **April 5, 2021** to file and serve his brief in opposition to Respondent's motion for summary judgment. Petitioner may request an extension of time to file his brief if needed.

3. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **April 5, 2021**: check for Petitioner's brief.

Dated this 9th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge